IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TRINA BROWN, an individual, | ) |
| Plaintiff, | ) ) ) ) Case No. |
| v. | ) ) ) |
| (1) THE CITY OF BARTLESVILLE OKLAHOMA, a municipal corporation, and (2) COREY BOYD, an individual, | ) ) ) ) |
| Defendants. | ) ) |

**JURY TRIAL DEMANDED**
**ATTORNEYS' LIEN CLAIMED**

## COMPLAINT

COMES NOW Plaintiff, Trina Brown ("**Ms. Brown**" or "**Plaintiff**"), by and through her undersigned counsel of record of THE FIRM ON BALTIMORE, PLLC, and for her Complaint against The City of Bartlesville, Oklahoma, a municipal corporation ("**The City of Bartlesville**"), and Corey Boyd, an individual ("**Officer Boyd**") (collectively the "**Defendants**"), hereby states and alleges as follows:

### PARTIES

1. Plaintiff, Trina Brown, is a citizen of the United States of America and a resident of Bartlesville, Washington County, Oklahoma.

2. Defendant, The City of Bartlesville, is a municipal corporation and body politic organized under the laws of the State of Oklahoma and is authorized to sue and be sued in its corporate name.

3. Defendant Corey Boyd ("**Officer Boyd**") was a police officer employed by The

City of Bartlesville, Oklahoma, and Officer Boyd is sued in his individual capacity. Officer Boyd at all times material to this action was acting under color of state law.

## JURISDICTION AND VENUE

4. This action arises under the Fourth and Fourteenth Amendments to the Constitution of the United States, under the Civil Rights Act, Title 42 U.S.C. 1983, under the Oklahoma Government Tort Claims Act, 51 OKLA. STAT. 151 *et seq.*, and under the Oklahoma Constitution, Article 2, Section 30.

5. This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

6. A substantial part of the events giving rise to the claims asserted in this *First Amended Complaint* occurred in the Northern District of Oklahoma. Therefore, venue in this court is proper pursuant to 28 U.S.C. §1391 (b)(2).

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

7. Ms. Brown is a forty-four-year-old Bartlesville resident and a United States Citizen.

8. On or around October 26, 2016, Bartlesville Police were summoned to Ms. Brown's residence to respond to a domestic disturbance.

9. Upon arrival, Bartlesville Police learned that William Cole ("**Mr. Cole**"), Ms. Brown's boyfriend, had physically battered Ms. Brown in her residence and then fled the scene before the police arrived.

10. When Bartlesville Police could not locate Mr. Cole, the police then left Ms. Brown's residence shortly after arriving.

11. After Bartlesville Police had departed the scene, Mr. Cole returned to Ms. Brown's residence. A neighbor saw Mr. Cole walking towards Ms. Brown's house and notified the police.

12. As a result of this notification, Officer Boyd and Officer Ward arrived on the scene and secured the perimeter of Ms. Brown's residence.

13. Ms. Brown, seeing the police were outside, went to her front porch and made contact with the officers, with one officer already having his gun drawn and at the ready.

14. While Ms. Brown was standing on her front porch, Mr. Cole burst through the front door and tackled Ms. Brown from behind, causing her to tumble forward onto the grass in her front yard.

15. Mr. Cole proceeded to stand over Ms. Brown's body and strike her head and shoulders with his closed fist as she lay on the ground.

16. As Mr. Cole was striking Ms. Brown, Officer Ward deployed his Taser on Mr. Cole. The prongs from the Taser lodged in Mr. Cole's jacket and caused no effect.

17. Next, Officer Boyd moved forward to attempt to push Mr. Cole off of Ms. Brown. As Officer Boyd approached Mr. Cole, Mr. Cole punched Officer Boyd in the face.

18. Seeing Ms. Brown lying on the ground, directly within the same field of fire and danger zone as the man who had punched him, Officer Boyd drew his firearm and loosed a fusillade of bullets in the general direction of Mr. Cole and Ms. Brown.

19. Foreseeably, one of the many bullets Officer Boyd shot in the danger zone struck Ms. Brown in the head behind her left ear, and traveled down her neck and across her back before finally lodging near her lower spine.

20. Upon information and belief, in an apparent attempt to hide the reckless use of deadly force by Officer Boyd, and in a sign of consciousness of guilt of using excessive force, one of the officers at the scene informed the responding EMSA workers that Ms. Brown had been stabbed behind her ear, rather than explaining she had been shot by one of Officer Boyd's barrage of bullets.

21. Upon information and belief, Defendant City of Bartlesville's business records—specifically the 'use of force' forms—show a pattern of excessive force in situations police routinely encounter to an extent that an indifferent policy or custom has been adopted by implication or ratification.

22. In facts similar in all constitutional aspects as this case, on or about October 26, 2016, Bartlesville police responded to a domestic violence call, a taser did not work, a police officer was punched, and the officer discharged a spray of bullets. A man died. Captain Jay Hastings essentially summarily justified the use of potentially excessive force by stating to CBS affiliate KOTV: "It's just a domestic violence call, something routine officers do day in and day out. He [sic] can go pretty violent pretty quick. It's one of the more dangerous calls that officers have to deal with."

23. Upon information and belief, despite this realization of the routine nature of these calls, and the need for appropriate force for these calls at least by October 2016, The City of Bartlesville did not train, re-train, or otherwise address the use of appropriate force with his subordinates—including Officer Boyd.

24. This blind indifference by the City of Bartlesville to predictable domestic violence calls requiring use of force training rises to the level of the adoption or ratification of a policy or custom within the police department.

25. The City of Bartlesville acted with deliberate indifference which was a proximate cause of the injuries inflicted upon Ms. Brown through one or more of the following: inadequate policies, inadequate training, or inadequate supervision.

26. Upon information and belief, the City of Bartlesville failed to train Officer Boyd on the proper use of deadly weapons when innocent persons are in the danger zone, and progressive force such as physical battery or redeployment of Tasers before discharging a spray of bullets. These failures were deliberately indifferent to Ms. Brown's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

27. As a direct and proximate result of the said acts of Officer Boyd and the City of Bartlesville, Ms. Brown suffered the following injuries and damages: (a) Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person and to be free from excessive force; (b) Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment; and (c) Medical expenses.

28. The acts and conduct of Officer Boyd deprived Ms. Brown of her rights, guarantees, and privileges under the Fourth and Fourteenth Amendments to the United States Constitution in that the officer unlawfully and recklessly used excessive force.

## COUNT 1: 42 U.S.C. 1983

29. Ms. Brown re-alleges and incorporates by reference paragraphs 1 – 28, and is brought against Defendant The City of Bartlesville and against Defendant Officer Boyd in his individual capacity.

30. Officer Boyd was at all times material herein working within the scope of his employment and under color of state law.

31. No prudent, cautious, or trained officer would have fired a gun at close range with several innocent bystanders within the direct range of fire.

32. Officer Boyd's use of force against Ms. Brown was unreasonable, unnecessary, and imprudent because, under the totality of the circumstances, from the perspective of a reasonable officer, deploying deadly force with Ms. Brown in the danger zone was disproportionate to the threat any person was facing or the harm anyone was enduring.

33. The City of Bartlesville acted with deliberate indifference which was a proximate cause of the injuries inflicted upon Ms. Brown through one or more of the following: inadequate policies, inadequate training, inadequate supervision, or the hiring Officer Boyd.

34. City of Bartlesville failed to train on the use of deadly weapons, failed to train on the proper use of Tasers, and failed to train on the protection of innocent citizens. These failures were deliberately indifferent to Ms. Brown's Constitutional rights under the Fourth and Fourteenth Amendments.

**WHEREFORE**, premises considered Ms. Brown prays for: a) actual damages in an amount to be proven at trial and to be determined by a jury; b) emotional distress damages; c) medical

expenses damages; d) reasonable attorneys' fees and costs; and e) such other and further relief as the Court deems just and appropriate.

### COUNT 11: 51 OKLA. STAT. 151 *et seq.*

35. Ms. Brown re-alleges and incorporates by reference paragraphs 1 - 34 and alleges that the conduct of the Bartlesville officer was in violation of the Oklahoma Government Tort Claims Act, 51 OKLA. STAT. 151 et seq. (the "Act"), and is brought against Defendant The City of Bartlesville and against Defendant Officer Boyd in his individual capacity.

36. In compliance with 156 of the Act, Plaintiff filed notice of her claim in writing on May 19, 2017, with Mike Bailey, City Clerk for The City of Bartlesville. See attached Exhibit 1.

37. The injury and the loss to Ms. Brown occurred on October 26, 2016. Therefore, the claim was filed with the appropriate entity within one (1) year after the loss occurred as required by 156(B) of the Act.

38. The notice of a claim included the date, time, place, and circumstance of the claim, the identity of the state agency involved, the amount of compensation and other relief requested, per 156(E) of the Act.

39. The City of Bartlesville denied the claim on August 17, 2017.

40. Ms. Brown has commenced this action within 180 days of denial of the claim pursuant to 51 OKLA. STAT. 157(B).

41. Officer Boyd was acting within the scope of his employment with The City of Bartlesville at the time he negligently injured Ms. Brown.

42. Ms. Brown's injuries occurred solely because The City of Bartlesville and its officer's negligent use of deadly force. The breach of the duty of care owed to Ms. Brown by Defendants was the proximate cause of Ms. Brown's injury.

43. Due to The City of Bartlesville's and Officer Boyd's negligence, Ms. Brown has suffered severe injury and loss including pain and suffering, medical expenses, and other expenses. Further, Ms. Brown cannot pursue her chosen career in nursing due to the trauma and memory issues caused by this incident.

**WHEREFORE**, for the above stated reasons, Ms. Brown prays for: a) actual damages in an amount to be proven at trial and to be determined by a jury; b) emotional distress damages; c) medical expenses damages; d) reasonable attorneys' fees and costs; and e) such other and further relief as the Court deems just and appropriate.

### COUNT III: IN THE ALTERNATIVE - EXCESSIVE FORCE PURSUANT TO THE OKLAHOMA CONSTITUTION ARTICLE 2 SECTION 30 AND BOSH V. CHEROKEE COUNTY BLDG. AUTHORITY, 305 P.3d 994 (2013)

44. Ms. Brown re-alleges and incorporates by reference paragraphs 1 — 43, and is brought against Defendant The City of Bartlesville and against Defendant Officer Boyd in his individual capacity.

45. Officer Boyd used excessive force and deadly force knowing Ms. Brown was in the danger zone of the path of bullets from his firearm.

46. The protections of Article 2, Section 30 of the Oklahoma Constitution apply to citizens who are seized, arrestees, and pre-incarcerated detainees and provides a private cause of action for excessive force, notwithstanding the requirements and limitations of the Oklahoma

Governmental Tort Claim Act. Bosh v. Cherokee County Bldg. Authority, 305 P.3d 994 (2013).

38. The City of Bartlesville is liable for the tortious acts of its respective individual employee, Officer Boyd, via the doctrine of *respondeat superior*, as he was acting within the scope of his employment. Id., at 1004.

**WHEREFORE**, for the above reasons, Ms. Brown prays for: a) actual damages in an amount to be proven at trial and to be determined by a jury; b) emotional distress damages; c) medical expenses damages; d) reasonable attorneys' fees and costs; and e) such other and further relief as the Court deems just and appropriate.

/s/
Thomas H. Landrum, OBA #30619
The Firm On Baltimore, PLLC
1811 South Baltimore Avenue
Tulsa, OK 74119
Phone: (918) 948-6171
Fax:   (800)  460-3446
thomas@lawtulsa.com

ATTORNEYS FOR PLAINTIFF